UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RICHARD DAHL,

                        Plaintiff,

        v.

CITY OF SPOKANE; DAVID
CONDON, Mayor of the City of
Spokane; CRAIG MEIDL, Chief of
Spokane Police Department;
SPOKANE POLICE DEPARTMENT,
and agency of the City of Spokane; and
DAVE SINGLEY, Spokane Police
Department Captain,

                        Defendants.

NO:  2:19-CV-0236-TOR

ORDER OF DISMISSAL

        BEFORE THE COURT is the Order to Show Cause.  ECF No. 23.  Plaintiff

was ordered to show cause on or before November 25, 2020 as to the status of this

case.  *Id*.  To date, Plaintiff has not responded to the Order to Show Cause.

        Defendants represented to the Court that Plaintiff Richard Dahl has acted

inconsistently in settlement negotiations and the parties have allowed case

ORDER OF DISMISSAL ~ 1

deadlines to lapse on the basis of commitments that Plaintiff did not fulfill.  ECF No. 19.  Accordingly, the Court suspended the jury trial schedule and ordered Plaintiff to:

> **On or before November 25, 2020**, Plaintiff must either (1) sign the settlement agreement his counsel approved, provide Defendants' counsel with a copy of the signed agreement, and inform this Court in writing that he has signed the agreement; or (2) inform the Court that he has declined to sign the agreement and indicate whether or not he intends to litigate his claims.

ECF No. 23.  Additionally, the Court warned that "Plaintiff's failure to file an appropriate and timely response to this Order to Show Cause will result in the dismissal of this action with prejudice for failure to prosecute." *Id.*  Plaintiff has not responded to Defendants' motions nor the Court's Order to Show Cause in any manner whatsoever.

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*,

963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261. In the present action, the first two factors weigh in favor of dismissal. Plaintiff has not filed a response to Defendants' motions, nor did he file a response to the Court's Order to show cause. This lack of response by Plaintiff clearly suggests that Plaintiff does not intend to litigate this case diligently, and ongoing delay would hinder the Court's ability to manage its docket.

The third factor for the Court to weigh is the risk of prejudice to the Defendants. The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court must also weigh whether prejudice is sufficient to support

ORDER OF DISMISSAL ~ 3

1   dismissal with consideration of the strength of Plaintiff's excuse for default.  *See*

2   *Malone*, 833 F.2d at 131.  In the instant case Plaintiff has offered no excuse for his

3   default.  Before the Order to Show Cause was entered, this case was just two

4   months from trial, with numerous deadlines approaching.  Thus, the complete lack

5   of response by Plaintiff is creating an unreasonable delay.  For these reasons, this

6   factor weighs in favor of dismissal.

7        The fourth factor for the Court to consider is the public policy favoring

8   disposition of cases on their merits.  The Ninth Circuit has repeatedly found that

9   public policy favors disposition of cases on the merits, therefore, this factor weighs

10  against dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002);

11  *Malone*, 833 F.2d at 133 n.2.

12       The fifth factor for the Court to consider is the availability of less drastic

13  alternatives.  *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986)

14  (court must first consider the impact of the sanction and the adequacy of less

15  drastic sanctions).  "[C]ase law suggests that warning a plaintiff that failure to obey

16  a court order will result in dismissal can suffice to meet the "consideration of

17  alternatives" requirement."  *Malone*, 833 F.2d at 132-33.  This factor weighs in

18  favor of dismissal.  Plaintiff was clearly instructed to show cause as to why this

19  case should not be dismissed.  He was given adequate time to respond to

20  Defendants' motions and the Order to Show Cause and has not responded to either.

ORDER OF DISMISSAL ~ 4

Plaintiffs complete lack of response demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. All claims and causes of action in this matter are **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as moot.

The District Court Executive is directed to enter this Order and judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

   **DATED** December 3, 2020.



                         THOMAS O. RICE
                      United States District Judge

ORDER OF DISMISSAL ~ 5